UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ST. CHRISTOPHER'S, INC., *et al.*,[1] | : | Case No. 24-22373-shl |
| | : | Main Case |
| Debtors. | : | Jointly Administered |

**ORDER SHORTENING TIME FOR NOTICE OF DEBTORS' HEARING
ON MOTION FOR ENTRY OF ORDERS (I) AMENDING THE DIP LOAN
AND (II) CLARIFYING THE DOBBS FERRY SALE ORDER TO
FACILITATE THE CLOSING OF THE DOBBS FERRY SALE**

Upon the Motion to Shorten Notice dated June 23, 2025 of St. Christopher's Inc. and The McQuade Foundation, as debtors and debtors-in-possession (collectively, the "Debtors"), for the entry of an order shortening notice with respect to the Debtors' motion (the "DIP Amendment/ Clarification Motion"),[2] filed contemporaneously herewith, seeking an order (i) amending that certain *Final Order (I) Authorizing the Debtor St. Christopher's, Inc. to Obtain Post-petition Financing, (II) Granting Liens and Super-priority Claims, and (III) Modifying the Automatic Stay* [Docket No. 129] to authorize a partial paydown, a guaranty from Debtor McQuade and collateral replacement with respect to the DIP Loan (as defined in the DIP Financing Amendment Motion) and (ii) clarifying the Dobbs Ferry Sale Order, pursuant to Sections 105, 361, 362, 363, 364, 507, 541, and 552 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rules 2002, 4001, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-2 of the Local Bankruptcy Rules for the Southern District of

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  St. Christopher's, Inc. (0485) and The McQuade Foundation (2652).

[2] Capitalized terms used in this Order that are not otherwise defined shall have the meanings ascribed to such terms in the DIP Financing Motion, the Motion to Shorten Notice and the DIP Amendment/Clarification Motion.

31515628.1                                         1

New York (the "Local Rules"); and the Court having jurisdiction to consider the Motion to Shorten Notice and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion to Shorten Notice and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion to Shorten Notice having been provided, and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion to Shorten Notice is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion to Shorten Notice establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the Motion to Shorten Notice is granted as set forth herein; and it is further

**ORDERED** that an expedited hearing to consider the DIP Amendment/Clarification Motion will be held before the Honorable Sean H. Lane of the United States Bankruptcy Court for the Southern District of New York on July 9, 2025 at 2:00 p.m. (prevailing Eastern Time) or as soon thereafter as counsel may be heard; and it is further

**ORDERED** that any party in interest who wishes to respond or object to the DIP Amendment/Clarification Motion may do so in writing and the response or objection must be filed by no later than July 3, 2025 at 4:00 p.m. (prevailing Eastern Time) and served upon (i) Debtors' counsel, (ii) the Office of the United States Trustee for the Southern District of New York, and (iii) the Subchapter V Trustee. Any replies shall be filed by no later than July 7, 2025 at 4:00 p.m.; and it is further

**ORDERED** that the requirements set forth in Bankruptcy Rule 6004(a) are waived; and it is further

**ORDERED** that, pursuant to Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be effective and enforceable immediately upon its entry; and it is further

**ORDERED** that this Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order; and it is further

**ORDERED** that promptly upon entry of this Order, the Debtors shall file and serve a notice of hearing on the DIP Amendment/Clarification Motion upon: (i) the Office of the United States Trustee for the Southern District of New York, (ii) the Subchapter V Trustee, (iii) counsel to the DIP Lender, (iv) counsel to the buyer of the Dobbs Ferry Real Estate, (v) counsel to the buyer of the New Windsor Real Estate, (vi) counsel to Greenburgh-North Castle Union Free School District, (vii) counsel to the Title Company, (viii) counsel to DASNY, (ix) counsel to the Indenture Trustee on the DASNY Bonds, and (x) the holders of the 20 largest unsecured claims against each of the Debtors, and (xi) any party that has requested notice pursuant to Bankruptcy Rule 2002.

Dated: White Plains, New York
       June 24, 2025

                                           */s/ Sean H. Lane*
                                           Hon. Sean H. Lane
                                           United States Bankruptcy Judge