Presentment Date:  July 17, 2025 at 12:00 p.m. Noon (prevailing Eastern Standard Time)
Objection Deadline:  July 10, 2025 at 4:00 p.m. (prevailing Eastern Standard Time)

**BARCLAY DAMON LLP**
Janice B. Grubin
Ilan Markus
1270 Avenue of the Americas, Suite 501
New York, New York 10020
Telephone:  (212) 784-5800
jgrubin@barclaydamon.com
imarkus@barclaydamon.com

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ST. CHRISTOPHER'S, INC., *et al.*,[1] | : | Case No. 24-22373 (shl) |
| | : | Main Case |
| Debtors. | : | Jointly Administered |

**NOTICE OF PRESENTMENT OF ORDER AUTHORIZING THE**
**RETENTION OF ARIEL PROPERTY ADVISORS LLC AS REAL**
**ESTATE BROKER TO THE DEBTOR ST. CHRISTOPHER'S, INC.**

    **PLEASE TAKE NOTICE** that upon the annexed Application of St. Christopher's, Inc.

and The McQuade Foundation, as debtors and debtors-in-possession (collectively, the "Debtors"),

the undersigned will present the proposed Order Authorizing the Retention of Ariel Property

Advisors LLC as Real Estate Broker to the Debtor St. Christopher's, Inc. (the "Proposed Order"),

in connection with the sale and marketing of the Jennie Clarkson Real Estate (as defined in the

Application), attached as **Exhibit B** to the Application, to the Honorable Sean H. Lane, United

States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  St. Christopher's, Inc. (0485) and The McQuade Foundation (2652).

York (the "Court"), 300 Quarropas Street, White Plains, New York 10601-4140, on **July 17, 2025 at 12:00 p.m. noon (prevailing Eastern Standard Time)** (the "Presentment Date").

 **PLEASE TAKE FURTHER NOTICE** that responses or objections to the Proposed Order and the relief requested therein, if any, must be made in writing and filed with the Clerk of the Court, along with proof of service, and copies delivered to the Chambers of the Honorable Sean H. Lane and the undersigned by not later than **4:00 p.m. on July 10, 2025 (prevailing Eastern Standard Time)** (the "Objection Deadline"). If no objections are timely filed and served, there will not be a hearing and the Proposed Order may be signed.

 **PLEASE TAKE FURTHER NOTICE** that if a written objection to the Proposed Order is filed and served by the Objection Deadline, the Court will notify the moving and objecting parties of the date and time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice. The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

 **PLEASE TAKE FURTHER NOTICE** that if no objections to the Proposed Order are filed and served by the Objection Deadline, the Debtors shall submit the Proposed Order to the Court on the Presentment Date, which the Court may enter with no further notice or opportunity to be heard.

Dated:  July 3, 2025
      New York, New York

                          **BARCLAY DAMON LLP**

                          By*:*    */s/Janice B. Grubin*          
                          Janice B. Grubin
                          Ilan Markus
                          1270 Avenue of the Americas, Suite 501
                          New York, New York 10020
                          Telephone:  (212) 784-5800
                          jgrubin@barclaydamon.com
                          imarkus@barclaydamon.com

                          *Counsel to Debtors and Debtors-in-Possession*

**Presentment Date: July 17, 2025 at 12:00 p.m. Noon (prevailing Eastern Standard Time)**
**Objection Deadline: July 10, 2025 at 4:00 p.m. (prevailing Eastern Standard Time)**

**BARCLAY DAMON LLP**
Janice B. Grubin
Ilan Markus
1270 Avenue of the Americas, Suite 501
New York, New York 10020
Telephone: (212) 784-5800
jgrubin@barclaydamon.com
imarkus@barclaydamon.com

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ST. CHRISTOPHER'S, INC., *et al.*,[1] | : | Case No. 24-22373 (shl) |
| | : | Main Case |
| Debtors. | : | Jointly Administered |

**APPLICATION FOR AN ORDER AUTHORIZING THE**
**RETENTION OF ARIEL PROPERTY ADVISORS LLC AS REAL**
**ESTATE BROKER TO THE DEBTOR ST. CHRISTOPHER'S, INC.**

St. Christopher's, Inc. and The McQuade Foundation, as debtors and debtors-in-possession

(collectively, the "Debtors"), hereby submit this application (the "Application") to the Court for

entry of an order, pursuant to sections 327(a) and 330 of title 11 of the United States Code, as

amended (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Rules 2014-1 and 9074-1 of the Local Bankruptcy Rules for the

Southern District of New York (the "Local Rules"), for authority to employ Ariel Property

Advisors LLC (the "Ariel") effective as of June 20, 2025, as the exclusive real estate broker in

accordance with the terms and conditions of that certain Exclusive Right to Sell, Exchange or

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: St. Christopher's, Inc. (0485) and The McQuade Foundation (2652).

Dispose Agreement dated June 20, 2025 (the "Contract") to sell certain real property owned by St. Christopher's, Inc., known as the Jennie Clarkson Real Estate, located at 1700 Old Orchard Street, West Harrison, NY 10604.  In support of this Application, the Debtors submit the *Declaration of Shimon Shkury in Support of the Application of the Debtors for Authority to Employ Ariel Property Advisors LLC as Real Estate Broker to the Debtor St. Christopher's, Inc.* (the "Shkury Declaration"), and respectfully state as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue of this proceeding and this Application are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are Bankruptcy Code sections 327(a) and 330, Bankruptcy Rule 2014, and Local Rules 2014-1 and 9074-1.

## BACKGROUND

**A.      The Chapter 11 Cases**

3.      On April 29, 2024 (the "Petition Date"), the Debtors commenced these Subchapter V Chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief in the United States Bankruptcy Court for the Southern District of New York (the "Court").  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1182(2) and 1184 of the Bankruptcy Code.

4.      On the Petition Date, the Office of the United States Trustee filed the *Notice of Appointment of Subchapter V Trustee* [Docket Nos. 7] in each of the Chapter 11 Cases appointing Heidi J. Sorvino, Esq. as Subchapter V Trustee.

5.      Other than the appointment of Ms. Sorvino as the Subchapter V Trustee, no request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases and no statutory committees have been appointed or designated.

6.      Additional information about the Debtors' businesses, the events leading up to the Petition Date and the Debtors' Chapter 11 petitions can be found in the *Declaration of Dr. Sarah Ruback Pursuant to Local Bankruptcy Rule 1007-2 and in Support of Chapter 11 Petitions and First Day Motions* [Docket Nos. 6] (the "Ruback Declaration").  The Debtors rely on the Ruback Declaration in making the Application and incorporate it herein by reference.

**B.      The Debtors' Businesses**

7.      St. Christopher's was established in 1881 – and incorporated as a not-for-profit New York corporation in 1885 as St. Christopher's Home – as a refuge for homeless, orphaned and neglected children.  St. Christopher's has evolved over time such that its mission is to empower children and youth with special needs with the social-emotional coping skills and strengths they need, and the healthcare, mental health and social support services they require, to enter adulthood confident and equipped to meet life's challenges and opportunities, and live happy, healthy and meaningful lives.

8.      St. Christopher's did this by providing evidence-based, therapeutic residential support services in a safe and nurturing environment to youth with education and developmental disabilities and/or psychiatric and emotional issues.  This ensured that these children at or below the poverty line received the care and services they needed to get well and stay healthy, and provided unaccompanied children with shelter, education, vocational training, mental health services and more so they could begin building futures of hope and possibility.

9.     St. Christopher's vision is for every child and young person with special needs to thrive in a society dedicated to ensuring they reach their full potential and have the brightest possible futures.

10.     McQuade is a not-for-profit New York organization holding land and buildings for residential and school programs operated by St. Christopher's and the Greenburgh-North Castle Union Free School District ("GNC").[2]

**C.     Ariel's Prior Retention**

11.     On July 10, 2024, the Debtors filed their *Application for an Order Authorizing the Retention of Ariel Property Advisors LLC as Real Estate Broker Nunc Pro Tunc to the Petition Date* on July 10, 2024 [Docket No. 110] seeking authority to retain Ariel in connection with Debtor St. Christopher's, Inc.'s marketing and sale of its property located at 71 South Broadway, Dobbs Ferry, New York (the "Dobbs Ferry Real Estate").

12.     Ariel's prior retention regarding the Dobbs Ferry Real Estate was approved by the Court by *Order Granting Application of the Debtors for Authority to Employ Ariel Property Advisors LLC as Real Estate Broker to the Debtors Nunc Pro Tunc to the Petition Date* entered on July 31, 2024 [Docket No. 131].

13.     Ariel was successful in its marketing of the Dobbs Ferry Real Estate and the Court approved the sale on November 7, 2024 by entry of the *Order (A) Authorizing the Dobbs Ferry*

---

[2] As this Court is aware and as has been noted in previous case filings, the Debtors have closed all of their operations as of December 31, 2024 after having determined that a reorganization was not feasible. Their current operations exist of maintaining their books and records to ensure that all claimants have access and supervising an orderly wind down and liquidation that maximizes estate assets. GNC is surrendering the premises where it operates the Kaplan School pursuant to a lease with McQuade by no later than July 15, 2025.

*Real Estate, Free and Clear of Liens, Claims, Encumbrances, and Other Interests With the*
*Exception of the Agency Lease, and (B) Granting Related Relief* [Docket No. 180].

## <u>RELIEF REQUESTED</u>

14.     The Debtors entered into the instant Contract, a copy of which is attached hereto as
**Exhibit A**, with Ariel on June 20, 2025.

15.     Pursuant to the Contract, Ariel has been marketing the Jennie Clarkson Real Estate,
bearing tax map identification numbers (section. block. lot number) 118.01-1-2.1 and 118.01-1-
2.2 and consisting of approximately 36.72 acres.

16.     The proceeds of sale of the Jennie Clarkson Real Estate[3] – the location of the
Debtors' former Jennie Clarkson Campus which closed as of July 31, 2024[4] – will be used to fund
the Chapter 11 Cases through the implementation of a confirmed joint plan of liquidation, which
will include the payment of, and related procedures for, allowed claims.

17.     The Debtors have selected Ariel to act as the exclusive broker because of Ariel's
experience and believe that Ariel is well-qualified to serve the Debtors in this capacity.

18.     Ariel advises that it holds no interest adverse to the Debtors or the Debtors' estates.
In support hereof,  pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure, the Shkury
Declaration is being submitted herewith.  Based upon the information included in the Shkury
Declaration, the Debtors believe that Ariel is a disinterested person as that term is defined in
Section 101(14) of the Code, except as otherwise disclosed in the Shkury Declaration.

---

[3] On July 1, 2025, the Debtors filed a motion seeking to (i) establish procedures under which the Jennie Clarkson Real Estate would be sold and (ii) approve the ultimate sale to the successful bidder, Document No. 232, the first hearing of which is scheduled for July 22,2025.

[4] The Jennie Clarkson Campus was closed pursuant to the Court's *Order Authorizing (I) the Closure Plan for the Residential Treatment Center Located on St. Christopher's Jennifer Clarkson Campus and (II) Related Incentive Payments to Certain Employees* entered on August 16, 2024 [Docket No. 148].

19.     Pursuant to the terms of the Contract, Ariel shall receive a four and three-fourths percent (4.75%) commission on the gross sale price of any such sale.  Should any buyer also employ any broker, the buyer's broker will share in the commission and receive up to fifty percent (50%) of the full commission paid on any such sale.  Under no circumstances will the total commissions paid to all brokers exceed a total of four and three-fourths percent (4.75%) of the gross sales price.

20.     Ariel does not have any other agreement for compensation for services regarding the sale of the Jennie Clarkson Real Estate to be provided on behalf of the Debtors with any other party or otherwise than has been listed above.

21.     The Debtors believe that the employment of Ariel is appropriate and in the best interests of the Debtors, the Debtors' estates and their creditors.

22.     Ariel was not owed any money by the Debtors as of the Petition Date.

**BASIS FOR RELIEF REQUESTED**

23.     The Debtors seek to retain Ariel as their real estate broker pursuant to Bankruptcy Code section 327(a), which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

24.     Ariel may not be "disqualified for employment under [section 327] solely because of [Ariel]'s employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an *actual* conflict of interest."  11 U.S.C. § 327(e) (emphasis added); *see also In re*

*Vebeliunas*, 231 B.R. 181, 189 (Bankr. S.D.N.Y. 1999) (finding that representation is appropriate

where only potential conflicts exist and no actual conflict has arisen).

25.     Bankruptcy Code section 1195 provides:

> Notwithstanding section 327(a) of this title, a person is not
> disqualified for employment under section 327 of this title, by a
> debtor solely because that person holds a claim of less than $10,000
> that arose prior to commencement of the case.

11 U.S.C. § 1195.

26.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name
> of the [firm] to be employed, the reasons for the selection, the
> professional services to be rendered, any proposed arrangement for
> compensation, and, to the best of the applicant's knowledge, all of
> the [firm's] connections with the debtor, creditors, any other party
> in interest, their respective attorneys and accountants, the United
> States trustee, or any person employed in the office of the United
> States trustee.

Fed. R. Bank. R. 2014(a).

27.     The Debtors submit that for all the reasons stated herein and in the Shkury

Declaration, the retention and employment of Ariel as real estate broker to the Debtors with respect

to the Jennie Clarkson Real Estate as of June 20, 2025 is warranted.  Further, as stated in the

Shkury Declaration, Ariel is a "disinterested person" within the meaning of Bankruptcy Code

section 327(a), and does not hold or represent an interest adverse to the Debtors' estates and has

no connection to the Debtors, their creditors, or other parties in interest, except as otherwise

disclosed in the Shkury Declaration.

## NOTICE AND NO PRIOR REQUEST

28.     Notice of this Application has provided to (i) the Office of the United States Trustee

for the Southern District of New York, (ii) the Subchapter V Trustee, (iii) the holders of the 20

largest unsecured claims against each of the Debtors, and (iv) any party that has requested notice

pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors

submit that no further notice is required.

29.     No previous application for the relief requested herein has been made to this or any

other court.

**WHEREFORE**, the Debtors seek entry of an order, substantially in the form attached

hereto as **Exhibit B**, granting the relief requested herein and for such other and further relief as is

just and proper.


Dated: July 3, 2025
      New York, New York

                                              **ST. CHRISTOPHER'S, INC., as Debtor and**
                                              **Debtor-In-Possession**

                                              By:    */s/Dr. Sarah Ruback*
                                              Dr. Sarah Ruback, Chief Executive Officer


                                              **THE MCQUADE FOUNDATION as Debtor and**
                                              **Debtor-In-Possession**

                                              By:    */s/Dr. Sarah Ruback*
                                              By:  Dr. Sarah Ruback, Chief Executive Officer


Filed by:

**BARCLAY DAMON LLP**

By:    */s/Janice B. Grubin*
Janice B. Grubin
Ilan Markus
1270 Avenue of the Americas, Suite 501
New York, New York 10020
Telephone:  (212) 784-5800
jgrubin@barclaydamon.com
imarkus@barlcaydamon.com

*Counsel to Debtors and Debtors-in-Possession*

# <u>EXHIBIT A</u>

**Ariel** PROPERTY ADVISORS

Ariel Property Advisors
122 East 42nd Street, Suite 2405, New York NY 10168
phone: 212.544.9500 | fax: 212.544.9501 I arielpa.com

June 20, 2025

St. Christophers Inc.
Dr. Sarah Ruback, CEO
c/o Barclay Damon LLP
1270 Avenue of the Americas, Ste. 501
New York, New York 10020

Dear Dr. Ruback,

This Exclusive Right to Sell, Exchange or Dispose Agreement ("Agreement") sets forth the agreement between St. Christopher's Inc. c/o Dr. Sarah Ruback ("Owner") and Ariel Property Advisors, LLC, a Licensed Real Estate Broker ("Listing Broker") with respect to the premises located at 1700 Old Orchard Street, West Harrison, NY 10604 (known herein as the "Property"), further identified with the Block and Lots provided in the Section A of the Addendum. Owner hereby grants to Listing Broker the exclusive right, as broker and as an agent of Owner, to sell, exchange, lease or otherwise dispose of any portion or all of the Property according to the following Terms and Conditions:

1. This Agreement shall be effective upon execution by the parties ("Execution Date") and shall remain in effect for a period of 6 months thereafter, unless terminated earlier in accordance with the terms and provisions of this agreement. Owner or Listing Broker shall have the right to cancel this agreement at any time for any reason or no reason upon 30 days written notice to the other party. Notwithstanding anything contained herein to the contrary, if the Property is in contract at the expiration of the term or any extension hereof, then the term shall be automatically extended for a period of the later of six (6) months or the date that the contract expires or is cancelled.

2. During the term of this exclusive right, Owner agrees to refer to Listing Broker all inquiries, proposals and offers received by Owner or its representatives regarding the Property, including, but not limited to, those from principals, agents, and other brokers, and Owner agrees to conduct all negotiations with respect to the sale, leasing or other disposition of the Property solely and exclusively through Listing Broker and to advise all persons of this exclusive right.

3. If during the term or any extension Owner either (a) sells the Property to any person or entity or (b) executes a contract for sale of the Property with any person or entity, which thereafter closes pursuant to the terms thereof following expiration of the term, then subject to the terms and conditions set forth in this Agreement, Owner agrees to pay to Listing Broker, and Listing Broker agrees to accept, as its compensation, a commission equal to 4.75% of the gross sales price, whether such sale is affected by Listing Broker, by Owner, or by another broker.  Commissions will be due and payable when title actually passes.

4. In the event that another licensed real estate broker represented the buyer, then Owner shall pay to Listing Broker one full commission out of which Listing Broker shall compensate the Outside Broker(s) pursuant to a separate co-brokerage agreement entered into by and between the brokers (up to 50% of the full commission), when said full commission is actually received by Listing Broker. Listing Broker and Owner agree that under no circumstances shall the total commissions paid to all parties exceed 2.5% of the gross sales price.



Ariel Property Advisors
122 East 42nd Street, Suite 2405, New York NY 10168
phone: 212.544.9500 | fax: 212.544.9501 I arielpa.com

5.  Listing Broker agrees that within fifteen (15) business days after the expiration or earlier termination of the listing term, to provide Owner with a list of no more than fifteen (15) names of persons or entities who have inquired about the Property. If within 180 days after the expiration or earlier termination of the listing term a contract is signed or negotiations continue and ultimately lead to a signed contract for the sale, lease, exchange, or other disposition of the Property to a person on said list (or to an entity with whom said person is affiliated in any way), Listing Broker shall be entitled to the commissions provided for in paragraph 3 of this Agreement. Both Listing Broker and Owner agree that the list of names of persons or entities who have inquired about the property shall only apply to principals and their related entities, including those who are represented by outside brokers.

6.  Any controversy or claim arising out of or relating to this agreement or breach of performance thereof shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof.  Owner hereby agrees to pay Listing Broker legal fees, if any, in connection with any action or proceeding commenced by Listing Broker due to Owner's failure to make the commission payment, if any, earned hereunder provided that the Listing Broker is the prevailing party in any action or proceeding.

7.  The undersigned represents and warrants that he/she either is the fee owner of the Property or has the authority to sign this agreement on behalf of the fee owner of the Property and agrees to be bound hereby.

8.  This agreement shall bind and benefit the personal representatives, successors and assigns of the parties.

9.  This agreement, which constitutes the entire agreement between Owner and Listing Broker, may not be changed, rescinded or modified except in an agreement in writing signed by both parties.

If the foregoing terms and conditions are satisfactory, please execute this Agreement in duplicate where indicated below, and return one to the undersigned.

The foregoing is accepted:

**ST. CHRISTOPHER'S INC.**

By: _____     Date: _____

Dr. Sarah Ruback, CEO

**ARIEL PROPERTY ADVISORS LLC**

By: _____     Date: _____

Shimon Shkury, President



Ariel Property Advisors
122 East 42nd Street, Suite 2405, New York NY 10168
phone: 212.544.9500 | fax: 212.544.9501 I arielpa.com

**Addendum**

Section A:

This Agreement applies to the following properties and corresponding ownership entities:

| City/State | Tax Map Parcel ID | Entity |
|---|---|---|
| Town of Mt. Pleasant Westchester NY | 118.01-1-2.1 | St. Christopher's Inc. |
| Hamlet of Valhalla Westchester NY | 118.01-1-2.2 | St. Christopher's Inc. |

# **EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ST. CHRISTOPHER'S, INC., *et al.*,[1] | : | Case No. 24-22373 (shl) |
| | : | Main Case |
| Debtors. | : | Jointly Administered |

### ORDER GRANTING APPLICATION OF THE DEBTORS FOR AUTHORITY TO EMPLOY ARIEL PROPERTY ADVISORS LLC AS REAL ESTATE BROKER TO THE DEBTOR ST. CHRISTOPHER'S, INC.

Upon the application (the "Application")[2] of St. Christopher's, Inc. and The McQuade Foundation, as debtors and debtors-in-possession (collectively, the "Debtors"), for authority to employ Ariel Property Advisors LLC ("Ariel") as their exclusive real estate broker to Debtor St. Christopher's, Inc. in connection with the sale and marketing of the Jennie Clarkson Real Estate; and upon the Declaration of Shimon Shkury, dated July 3, 2025 in support of the Application; and the Court being satisfied that (a) the employment of Ariel is necessary and in the best interests of the Debtors, the Debtors' estates, and their creditors, (b) Ariel does not have or represent any interest adverse to the Debtors, the Debtors' estate, and their creditors, and (c) Ariel is a "disinterested person" as that term is defined in section 101(14) of Title 11 of the United States Code, as amended (the "Bankruptcy Code"); and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: St. Christopher's, Inc. (0485) and The McQuade Foundation (2652).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

before this Court pursuant to 28 U.S.C. § 1409; and good and sufficient cause appearing for the relief sought by the Application; and no objections having been filed; it is hereby

**ORDERED**, that the Application is granted as set forth herein; and it is further

**ORDERED**, that pursuant to Bankruptcy Code section 327(a), the Debtor St. Christopher's, Inc. is hereby authorized to retain and employ Ariel as its real estate broker in these Chapter 11 Cases effective as of December 11, 2024 with respect to the marketing and sale of Jennie Clarkson Real Estate; and it is further

**ORDERED**, that Ariel is authorized to render the professional services described in the Application; and it is further

**ORDERED**, that ten (10) days' notice must be provided by Ariel to the Debtors, the United States Trustee, and the Subchapter V Trustee prior to any increases in the commission set forth in the Application, and such notice must be filed with the Court. The United States Trustee and the Subchapter V Trustee retain all rights to object to any commission increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any commission increase pursuant to section 330 of the Bankruptcy Code; and it is further

**ORDERED**, that the Debtors are authorized to take all actions necessary to implement the relief granted in this Order; and it is further

**ORDERED**, that notice of the Application is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application; and it is further

**ORDERED**, that notwithstanding any stay that might be imposed by Bankruptcy Rule 6004(h) or otherwise, this Order shall be effective and enforceable immediately upon entry hereof; and it is further

**ORDERED**, that, notwithstanding anything to the contrary in the Contract, this Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order; and it is further

**ORDERED**, that to the extent the Application and Contract are inconsistent with this Order, the terms of this Order shall govern.

Dated: July ____, 2025
      White Plains, New York

_____
Hon. Sean H. Lane
United States Bankruptcy Judge

Presentment Date:  July 17, 2025 at 12:00 p.m. Noon (prevailing Eastern Standard Time)
Objection Deadline:  July _10 2025 at 4:00 p.m. (prevailing Eastern Standard Time)

**BARCLAY DAMON LLP**
Janice B. Grubin
Ilan Markus
1270 Avenue of the Americas, Suite 501
New York, New York 10020
Telephone:  (212) 784-5800
jgrubin@barclaydamon.com
imarkus@barclaydamon.com

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ST. CHRISTOPHER'S, INC., *et al.*,[1] | : | Case No. 24-22373 |
| | : | Main Case |
| Debtors. | : | Jointly Administered |

**DECLARATION OF SHIMON SHKURY IN SUPPORT OF**
**THE APPLICATION OF THE DEBTORS FOR AUTHORITY**
**TO EMPLOY ARIEL PROPERTY ADVISORS LLC AS REAL**
**ESTATE BROKER TO THE DEBTOR ST. CHRISTOPHER'S, INC.**

I, Shimon Shkury, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true

to the best of my knowledge, information and belief:

1.      I am a licensed real estate broker and President/Founder of Ariel Property Advisors

LLC ("Ariel"), which maintains an office at 122 East 42nd Street, Suite 2405, New York, New

York 10168.  I am familiar with the matters set forth herein, and make this Declaration in support

of the application (the "Application") of St. Christopher's, Inc. and The McQuade Foundation, the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  St. Christopher's, Inc. (0485) and The McQuade Foundation (2652).

debtors and debtors-in-possession (collectively, the "Debtors") in these Chapter 11 Cases,[2] for authority to retain Ariel as the exclusive real estate broker to the Debtor St. Christopher's, Inc. for the marketing and sale Jennie Clarkson Real Estate.

2.      My staff and I have substantial experience with selling commercial real estate and are well-qualified to represent the Debtors herein in connection with such matters.

3.      Pursuant to the Contract attached to the Application as **Exhibit A**, Ariel shall receive a four and three-fourths percent (4.75%) commission on the gross sale price on any such sale.  Should any buyer also employ any broker, the buyer's broker will share in the commission and receive up to fifty percent (50%) of the full commission paid on any such sale.  Under no circumstances will the total commissions paid to all brokers exceed a total of four and three-fourths percent (4.75%) of the gross sales price.

4.      To the best of my knowledge and information, formed after a reasonable inquiry after a review by Ariel personnel, Ariel has no connection with the Debtors, the Debtors' estates or any of their creditors or other parties-in-interest that have been identified in these Chapter 11 Cases, the Judges the Court, the staff of the Honorable Sean H. Lane, or personnel in the Manhattan office of the Office of the United States Trustee (collectively, the "Parties"), which Parties are listed on **Schedule 1** hereto, other than as set forth herein.

5.      Due to the size of Ariel's practice, Ariel (i) may have appeared in the past, and may appear in the future, in matters unrelated to these Chapter 11 Cases where the Debtors, their creditors or other parties in interest may be involved, and (ii) may have provided services to or had professional relationships with, in the past and may represent or have professional relationships in the future with creditors of the Debtors and their retained professionals and other parties in interest

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

and their retained professionals in matters unrelated to these Chapter 11 Cases.  Ariel and/or its personnel may also have business associations – including purchasing goods and services on market terms in the ordinary course – with the Parties unrelated to these Chapter 11 Cases.

6.        Based on Ariel's review, and to the best of my knowledge, none of the actual or potential relationships described herein creates an interest materially adverse to the Parties.  On this basis, I believe Ariel is a "disinterested person" within the meaning of Bankruptcy Code section 101(14).  To the extent I have been able to ascertain that Ariel has a connection with any of the Parties in matters related or unrelated to these Chapter 11 Cases, such facts are disclosed on **Schedule 2** hereto.  Ariel may have in the past, may currently, and may again in the future, work with certain creditors of the Debtors with respect to matters unrelated to the Debtors.  Ariel is not retained "generally" by any such creditor, but rather on specific matters.  If any other connections to Parties become known to Ariel, it will supplement these disclosures.

7.        The information on **Schedule 1** may have changed without our knowledge and may change during the pendency of these Chapter 11 Cases.  Accordingly, Ariel will review its files periodically during these Chapter 11 Cases to ensure no conflicts or other disqualifying circumstances exist or arise, and update this Declaration as necessary and when Ariel becomes aware of additional material information.

8.        All compensation to Ariel, including reimbursement of expenses, shall be paid only upon the filing of an appropriate application for allowance of compensation pursuant to Bankruptcy Code sections 330 and 331 and the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, or as may otherwise be ordered by the Court.

9.      No agreement exists to share any compensation received by Ariel for its services with any other person or company.  No promises have been received by Ariel or by any member or associate thereof as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code.

10.      Ariel was not owed any money by the Debtors as of the Petition Date.

11.      Barclay Damon LLP may have served as legal counsel in other unrelated matters Ariel is involved with, but I understand Barclay Damon LLP does not represent Ariel in this matter.

**I DECLARE**, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this  3rd  day of July, 2025, New York, New York.

_____
Shimon Shkury

## <u>Schedule 1</u>

| | |
|---|---|
| 1350 Ogden Avenue HDFC | Cemco Water & Wastewater Specialists |
| A. Borrelli Mechanical | Central Hudson Gas & Electric |
| A.M. | Children & Family Services Office |
| A.P. | Cintas Corporation No. 2 |
| A.S., S.S., M.S., and R.S. | Ciox Health |
| ABS Sales Company, Inc. | City Medical of Uppereast Side |
| Ace Endico Corp. | City of White Plains, NY |
| Administration for Children Services | City Wide Facility Solutions of Westchester |
| ADP Screening & Selection Services | Columbia County Social Service |
| ADP, LLC | Community Mental Health Department |
| AFCO Insurance Premium Finance | Community Transition Unit Director |
| Affron Fuel Oil | Companion Life Insurance Company, |
| AFLAC New York | Con Edison |
| AFSCME, AFL-CIO, District Council 37 | Continental Casualty Company |
| Agostino Paganini | Cook, Netter, Cloonan, Kurtz & Murphy, P.C. |
| Albany County Social Services | Corey Glass, Inc. |
| Alfred Edwards | Corporate Armor Technologies |
| All Safe Fire Protection, Inc. | County of Sullivan |
| All-State Air Control Service | County of Westchester |
| AMBAC Assurance Corporation | Crystal Rock, LLC |
| American Alarm Co. Inc. | CSI Group Law Firm, PC |
| American Arbitration Association | Cynthia M. Mickens |
| American Express | D.W. |
| Ami Patel | Dabney G. Wesley |
| AMN Healthcare, Inc. | David Gunton, General Counsel |
| AMN Leadership Solutions, Inc. | DC1707 |
| Amthem HealthChoiceHMO Inc. | Denise Knight |
| AmTrust North America | Dennis Conklin |
| Anderson Medical PC | DiCarlo Distributions |
| Anthony Bevens | Digital Assurance Certification LLC (DAC) |
| Argento & Sons, Inc. | District Council 37, AFSCME, |
| Ariel Property Advisors | Dobbs Ferry Sewer Department |
| Arlene Watson | Dolores Ortiz |
| ASCA Group Insurance Trust | Dr. Donald Antonecchia |
| At-Bay Insurance Services LLC | Dr. Robert Maher |
| At-Bay Specialty Insurance Company | Dupee & Monroe, P.C. |
| Atlantic Business Products | Durkin Propane Inc. |
| Atlantic Tomorrow's Office | Dutchess County Social Services |
| Atlantic, a Program of De Lage Landen Financial | Elizabeth Stevenson |
| AtlantiCare It | EmPRO Insurance |
| AtlanticIT | Empro Insurance Company |
| Azuga Inc. | Enterprise Fleet Management Trust |
| Baker Hall Inc. | Environmental Compliance Management Concepts LLC |
| Barrera's Contracting Inc. | Facilities Maintenance Corp. |
| Benfield Electric Supply Co. | Freese & Goss |
| Bert Drobbin Co. | Fulton County Social Services |
| Bertelsmann Learning LLC | Garfunkel Wild, P.C. |
| Better Building Concepts Inc. | Genserve Inc. |
| Bleakley Platt & Schmidt, LLP | Genworth Life Insurance Company of NY |
| BNY Mellon, N.A. | Geodom Carting Corporation |
| Bonadio & Co., LLP | George Conklin |
| Bond, Schoeneck & King PLLC | Giving Retriever, LLC |
| Burke, Scolamiero & Hurd, LLP | Greenburgh-North Castle UFSD |
| C.L. | Greene County Social Services |
| Cablevision Lightpath, Inc. | Greenstein & Milbauer, LLP |
| Camlyn Limardo | H & E Cleaning & Restorations |
| Carol Asche | H & E Cleaning Services |
| Caroline Flynn | H2O Innovation Operations & Maintenance |
| CCF Health Home | Harris Beach PLLC |

Heights Lumber Center, Inc.
Herkimer County Social Services
Herman Law
Herman Law
Hodges Walsh & Burke, LLP
Home Depot Processing Center
I.B.
Ina Farmer
Indeed Inc.
Integer LLC
Internal Revenue Service
International Business Machine
IPFS of New York LLC
IPFS of New York LLC
Iron Mountain
Ishani Dave
J.N.
Jane Doe-19536
Jeffrey Lewis
JMF Acquisitions, LLC
John M. Nonna, County Attorney
Jose Davila
Joseph Forgione
JP McHale Pest Management Inc.
Justice Center for Protection of Special Needs People
K.R.
Kent Supply Company
Laurie E. Morrison, Esq.
Leahey & Johnson, P.C.
Lessy R. Martinez
Letitia James, New York Attorney General
Levy Konigsberg, LLP
Lexington Center for Recovery
Lightpath Fiber
Lippolis Electric Inc.
LKB Inc.
Lloyd's of London
Lorenzo Chambers
LVMD Venture LLC
Maier Markey & Justic LLP
Marangi Disposal
Marisol Pena
Mark Nelson Associates LLC
Marsh Law Firm PLLC
Marshall Asche
Matthews & Associates
Max Braun & Sons, Inc.
Maya Interpreters.com
McGivney Kluger Clark & Intoccia, P.C.
MDJ Heating & Air Conditioning
Merraine Group Inc.
Merritt Hawkins & Associates
MetroPlus Health Plan, Inc.
Metropolitan Foods Inc. d/b/a Driscoll Foods
Mid Hudson Veterinary Practice
Millin Associates, LLC
Montefiore Health Information Management
MR Appliance of Scarsdale NY
MRO
Mutual of Omaha Insurance Company
Nadia Richardson
Nagel Rice, L.L.P.

Nassau County Social Services
National Union First Insurance Company
New York City Department of Finance
New York City Law Department
Nicole Bowman
Nicole Ford
Nicole G. Johnson, as Parent
Nissan Motor Acceptance Company
NYC Environmental Protection
NYS Attorney General Office
NYS Department of Education
NYS Department of Health
NYS Department of Motor Vehicles
NYS Department of Taxation & Finance
NYS Division of Human Rights
NYS Dormitory Authority
NYS Labor Law Poster Service
NYS Office of Mental Health
Office of Refugee Resettlement
Optimum
OPWDD - NYS Office of People with Developmental Disabilities
Orange County Attorney's Office
Orange County Social Services
Our New Way Garden Inc.
Park South Medical
Paycom
Pharmacy Corporation of America d/b/a Pharmerica
Philadelphia Indemnity Insurance Company
Pitney Bowes Global Financial Services, LLC
Porsche Davis
Professional Pensions Inc.
Proftech LLC
Prospero Nursery Corp.
Putnam County Social Services
Qualifacts Systems, Inc.
R.C. Fine Foods
Rachelle S. Karmin, Ph.D.
Rafael Cuello
Ralph Newman
Reader's Hardware
Reg Renewal Center
Reginal Singleton
Relias LLC
Rendena Services, Inc.
Renselaer County Social Services
Rivkin Radler LLP
RNR Systems Integrators Inc.
Robert Armbruster
Robert Half
Robert L. Wolf
Robison Oil
Rockland Bakery
Rockland County Social Services
Rubin Fiorella Friedman Mercan
S.M.
Scahill Law Group P.C.
Schenectady County Social Services
School District #12 of Towns of Greenburgh & North Castle
Schwab & Gasparini, PLLC
Seeger Weiss, LLP

Sequoya Brown Ridley
Shaw Perelson May & Lambert
Silberstein Awad & Miklos PC
Silver & Kelmachter LLP
Slater Slater Schulman LLP
Sokoloff Steam LLP
Sophia Benitez
Spectrum TimeWarner
St. Christopher's, Inc.
Stanley Security Solutions Inc
Star Auto Spa, LLC
Stephen Danyko, Ph.D.
Stericycle, Inc.
Steuben County Social Services
Steven M. Latino, Esq.
Suffolk County Social Services
Superior Communications, Inc.
The Burmax Company, Inc.
Tiffany Grant
Town of New Windsor
Town of North Castle
Tractor Supply Credit Plan
Traub Lieberman Straus & Shrew
Tri State Quality Hay
Tribridge Holdings, LLC
Ulster County Social Services
Unifirst Corporation
USI Insurance Services LLC
Valhalla Garden Center
Valley National Bank
Venus Garner
Veolia Water New York Inc.
Verizon
Village of Dobbs Ferry
W.F.
W.R.
Wallauer Paint & Decorating
WatchGuard 24/7 LLC
Westchester Auto & Glass
Westchester County Association
Westchester County Law Department
Westchester County Social Services
Westchester Human Rights Division
Westchester Waste Oil Company Inc.
Wex Bank
WHJ Plumbing Heating & Cooling
Wilk Auslander
Williams Cedar, LLC
Y.C.
Zadell Norton

**U.S. Bankruptcy Court, SDNY**

| Name | Position |
| --- | --- |
| Sean H. Lane | Judge |
| Lisa G. Beckerman | Judge |
| James L. Garrity, Jr. | Judge |
| Martin Glenn | Judge |
| David S. Jones | Judge |
| Cecelia G. Morris | Judge |
| Philip Bentley | Judge |
| John P. Mastando III | Judge |
| Michael E. Wiles | Judge |
| Kyu Y. (Mike) Paek | Judge |
| Liza Ebanks | Courtroom Deputy |
| Christine Azzaro | Law Clerk |
| Alana Lyman | Law Clerk |
| Sean Johannsen | Law Clerk |

**U.S. Trustee's Office - Manhattan Office**

| Name | Position |
| --- | --- |
| William K. Harrington | Attorney |
| Linda A. Riffkin | Attorney, Assistant U.S. Trustee |
| Mark Bruh | Attorney, Trial Attorney |
| Shara Cornell | Attorney, Trial Attorney |
| Daniel Rudewicz | Attorney, Trial Attorney |
| Andrea B. Schwartz | Attorney, Trial Attorney |
| Paul K. Schwartzberg | Attorney, Trial Attorney |
| Rachael E. Siegel | Attorney, Trial Attorney |
| Tara Tiantian | Attorney, Trial Attorney |
| Andy Velez-Rivera | Attorney, Trial Attorney |
| Annie Wells | Attorney, Trial Attorney |
| Greg M. Zipes | Attorney, Trial Attorney |
| Amanda D. Cassara | Paralegal Specialist |
| Nadkarni Joseph | Analyst |
| Ercilia A. Mendoza | Legal Assistant (Bankruptcy/OA) |
| Mary V. Moroney | Analyst |
| Alaba Ogunleye | Auditor |
| Ilusion Rodriguez | Paralegal Specialist |
| Sylvester Sharp | Analyst |
| Madeleine Vescovacci | Auditor |
| Valentina Vlasova | Auditor |

In addition, four (4) former employees, whose names are available for *in camera* review upon reasonable and appropriate request, in the Debtors' sole determination or via Court order.

## Schedule 2

| Name of Entity | Disclosure |
|---|---|
| Office Team-Robert Half Corp. | Ariel used them in 2020 to find an employee |
| Rivkin Radler LLP | Paid Ariel commission out of their escrow on behalf of owner/client for a transaction in 2014 |