**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ST. CHRISTOPHER'S, INC., *et al.*,[1] | : | Case No. 24-22373-shl |
| | : | Main Case |
| Debtors. | : | Jointly Administered |

**ORDER SHORTENING TIME FOR NOTICE OF DEBTORS' HEARING ON MOTION FOR ENTRY OF ORDER CLARIFYING THE NEW WINDSOR SALE ORDER AND TO FACILITATE THE SALE OF THE NEW WINDSOR REAL ESTATE BY: I) MODIFYING THE "DROP DEAD" SALE DATE; II) MODIFYING THE CLOSING DATE; III) CLARIFYING THAT THE NEW WINDSOR SALE SATISFIES THE RELEVANT PORTIONS OF THE NEW YORK NOT-FOR-PROFIT CORPORATION LAW PURSUANT TO THE BANKRUPTCY CODE AND THE BANKRUPTCY RULES; AND IV) CONFIRMING APPROVAL OF THE DEBTORS' ORDINARY COURSE TRANSACTIONS: a) MODIFICATION OF THE LEASE BETWEEN DEBTOR THE McQUADE FOUNDATION AND GNC; AND b) THE NW LICENSE AGREEMENT; AND V) FOR SUCH OTHER AND FURTHER RELIEF AS IS EQUITABLE AND JUST**

Upon the Motion to Shorten Notice dated October 20, 2025 of St. Christopher's Inc. and The McQuade Foundation, as debtors and debtors-in-possession (collectively, the "Debtors"), for the entry of an order shortening notice with respect to the Debtors' motion *Clarifying the New Windsor Sale Order and to Facilitate the Sale of the New Windsor Real Estate By: I) Modifying the Drop Dead Sale Date; II) Modifying the New Windsor Closing Date; III) Clarifying that the New Windsor Sale Satisfies the Relevant Portions of the New York Not-For-Profit Corporation Law Pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; and, 1V) Confirming Approval of the Debtors' Ordinary Course Transactions: a) Modification of the Lease Between the Debtor The McQuade Foundation and GNC; and b) the NW License Agreement* (the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: St. Christopher's, Inc. (0485) and The McQuade Foundation (2652).

32593927.1                                                           1

"NW <u>Facilitation Motion</u>"),[2] filed contemporaneously herewith; and the Court having jurisdiction to consider the Motion to Shorten Notice and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion to Shorten Notice and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion to Shorten Notice having been provided, and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion to Shorten Notice is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion to Shorten Notice establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the Motion to Shorten Notice is granted as set forth herein; and it is further

**ORDERED** that an expedited hearing to consider the NW Facilitation Motion will be held before the Honorable Sean H. Lane of the United States Bankruptcy Court for the Southern District of New York on **November 5, 2025 at 10:00 a.m.** (prevailing Eastern Time) or as soon thereafter as counsel may be heard; and it is further

**ORDERED** that any party in interest who wishes to respond or object to the NW Facilitation Motion may do so in writing and the response or objection must be filed by no later than October 31, 2025 at 12:00 noon (prevailing Eastern Time) and served upon (i) Debtors' undersigned counsel, (ii) the Office of the United States Trustee for the Southern District of New York, (iii) the Subchapter V Trustee, and (iv) the New Windsor Buyer's counsel, with a copy to the Chambers of the Honorable Sean H. Lane of the United States Bankruptcy Court for the

---

[2] Capitalized terms used in this Order that are not otherwise defined herein shall have the meanings ascribed to such terms in the NW Facilitation Motion.

32593927.1                                                 2

Southern District of New York with any replies to be filed by 6:00 p.m. on November 3, 2025; and it is further

**ORDERED** that the requirements set forth in Bankruptcy Rule 6004(a) are waived; and it is further

**ORDERED** that, pursuant to Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be effective and enforceable immediately upon its entry; and it is further

**ORDERED** that this Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order; and it is further

**ORDERED** that promptly upon entry of this Order, the Debtors shall file and serve a notice of hearing regarding the NW Facilitation Motion and the Motion itself (to the extent not previously served) upon: (i) the Office of the United States Trustee; (ii) the Subchapter V Trustee; (iii) counsel to the DIP Lender; (iv) counsel to the Buyer of the New Windsor Real Estate; (v) the New York Attorney General, Capital and Westchester Regional offices (vi) counsel to the NW Title Company; (vii) counsel to GNC; (viii) the top 20 unsecured creditors of each Debtor; and (x) any party that has requested notice pursuant to Bankruptcy Rule 2002.

Dated:  October 23, 2025
       White Plains, New York

                                    */s/ Sean H. Lane*
                                    United States Bankruptcy Judge