**Hearing Date:  January 7, 2026 at 11:00 a.m. (prevailing Eastern Time)**
**Objection Deadline:  December 31, 2025 at 4:00 p.m. (prevailing Eastern Time)**
**Reply Deadline:  January 5, 2026 at 4:00 p.m. (prevailing Eastern Time)**

**BARCLAY DAMON LLP**
Janice B. Grubin
Ilan Markus
1270 Avenue of the Americas, Suite 2310
New York, New York 10020
Telephone:  (212) 784-5800
jgrubin@barclaydamon.com
imarkus@barclaydamon.com

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11,Subchapter V |
| | : | |
| ST. CHRISTOPHERS, INC., *et al.*,[1] | : | Case No. 24-22373 (shl) |
| | : | Main Case |
| Debtors. | : | Jointly Administered |

**NOTICE OF HEARING ON DEBTORS' MOTION FOR ENTRY OF**
**AN ORDER AUTHORIZING DEBTORS TO REJECT CERTAIN**
**EXECUTORY CONTRACTS RELATED TO THE DEBTORS' WIND**
**DOWN, *NUNC PRO TUNC* TO DECEMBER 13, 2024[2]**

> **PLEASE TAKE NOTICE** that on December 17, 2025, Barclay Damon LLP, as counsel

for the debtors and debtors-in-possession, filed the *Debtors' Motion for Entry of Order Authorizing*

*Debtors to Reject Certain Executory Contracts, Nunc Pro Tunc to December 17, 2024*[2] (the

"Motion").

> **PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held on

**January 7, 2026 at 11:00 a.m. (prevailing Eastern Standard Time)** (the "Hearing") before the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  St. Christopher's, Inc. (0485) and The McQuade Foundation (2652).

[2] Debtors are requesting that one (1) contract, as identified on Exhibit B to the Motion, be rejected effective as of the date of the Motion.

Honorable Judge Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that participants can attend the Hearing in person or via the Zoom for Government platform.  Participants in the Hearing are required to register their appearance before the hearing utilizing the e-Court Appearances tool at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

PLEASE TAKE FURTHER NOTICE that copies of the Motion may be obtained free of charge by contacting the undersigned counsel.  You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

PLEASE TAKE FURTHER NOTICE that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or a later hearing.

PLEASE TAKE FURTHER NOTICE that any response or objection (together, the "Objections") to the Motion shall be in writing, shall comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the Bankruptcy Court by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with General Order M-399 so as to be received by: the Bankruptcy Court, US Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004-1408; the Office of the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, Room 534, New

York, New York 10004-1408, Attn: Paul Schwartzberg, Esq., Paul.Schwartzberg@usdoj.gov; the

Subchapter V Trustee, Heidi J. Sorvino, Esq., White and Williams LLP, 810 Seventh Avenue,

Suite 500, New York, New York 10019, sorvinoh@whiteandwilliams.com; and the undersigned

counsel no later than **4:00 p.m. (prevailing Eastern Standard Time) on December 31, 2025**.

 **PLEASE TAKE FURTHER NOTICE** that any replies (the "Replies') in further support

of the Motion shall be in writing, shall comply with the Federal Rules of Bankruptcy Procedure

and the Local Bankruptcy Rules for the Southern District of New York, shall be filed with the

Bankruptcy Court by attorneys practicing in the Bankruptcy Court, including attorneys admitted

*pro hac vice*, electronically in accordance with General Order M-399 (which can be found at

www.nysb.uscourts.gov), in accordance with the customary practices of the Bankruptcy Court and

General Order M-399, to the extent applicable, and shall be served in accordance with General

Order M-399 so as to be received by: the Bankruptcy Court, US Bankruptcy Court, Southern

District of New York, One Bowling Green, New York, New York 10004-1408; the Office of the

United States Trustee, Alexander Hamilton Custom House, One Bowling Green, Room 534, New

York, New York 10004-1408, Attn: Paul Schwartzberg, Esq., Paul.Schwartzberg@usdoj.gov; the

Subchapter V Trustee, Heidi J. Sorvino, Esq., White and Williams LLP, 810 Seventh Avenue,

Suite 500, New York, New York 10019, sorvinoh@whiteandwilliams.com; and the undersigned

counsel no later than **4:00 p.m. (prevailing Eastern Standard Time) on January 5, 2026**.

 **PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted upon default.

 **PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served

with respect to the Motion, the Debtors may, after the Hearing, submit to the Bankruptcy Court an

order substantially in the form of the proposed order annexed to the Motion, which order may be

entered without further notice or opportunity to be heard.

Dated:   December 17, 2025
          New York, New York

**BARCLAY DAMON LLP**

By:   */s/Janice B. Grubin*
Janice B. Grubin
Ilan Markus
1270 Avenue of the Americas, Suite 2310
New York, New York 10020
Telephone:  (212) 784-5800
jgrubin@barclaydamon.com
imarkus@barclaydamon.com

*Counsel to Debtors and Debtors-in-Possession*

**Hearing Date:  January 7, 2026 at 11:00 a.m. (prevailing Eastern Time)**
**Objection Deadline:  December 31, 2025 at 4:00 p.m. (prevailing Eastern Time)**
**Reply Deadline:  January 5, 2026 at 4:00 p.m. (prevailing Eastern Time)**

**BARCLAY DAMON LLP**
Janice B. Grubin
Ilan Markus
1270 Avenue of the Americas, Suite 2310
New York, New York 10020
Telephone:  (212) 784-5800
jgrubin@barclaydamon.com
imarkus@barclaydamon.com

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 1, Subchapter V |
| | : | |
| ST. CHRISTOPHERS, INC., *et al.*,[1] | : | Case No. 24-22373 (shl) |
| | : | Main Case |
| Debtors. | : | Jointly Administered |

---

> **PARTIES RECEIVING THIS MOTION SHOULD LOCATE THEIR NAMES AND EXECUTORY CONTRACTS IN EXHIBIT B ATTACHED HERETO.**

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS RELATED TO THE DEBTORS' WIND DOWN, *NUNC PRO TUNC* TO DECEMBER 13, 2024[2]**

The above-captioned debtors and debtors-in-possession, St. Christopher's, Inc. and The McQuade Foundation (collectively, the "Debtors"), hereby move (the "Motion") this Court (as defined herein) for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, granting the relief described below and represent as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  St. Christopher's, Inc. (0485) and The McQuade Foundation (2652).

[2] Debtors are requesting that one (1) contract, as identified on **Exhibit B**, be rejected effective as of the date of the Motion.

1

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. Consideration of this matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are Bankruptcy Code sections 105 and 365, Bankruptcy Rule 6006, and Rule 6006–1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Rules").

## BACKGROUND

### A.      The Chapter 11 Cases

3.      On April 29, 2024 (the "Petition Date"), the Debtors commenced these Chapter 11 Subchapter V cases the ("Chapter 11 Cases") by filing voluntary petitions for relief with the Court. The Debtors continue to manage their properties as debtors-in-possession pursuant to sections 1182(2) and 1184 of the Bankruptcy Code.

4.      On the Petition Date, the Office of the United States Trustee filed the *Notice of Appointment of Subchapter V Trustee* [Docket No. 7] in each of the Chapter 11 Cases appointing Heidi J. Sorvino, Esq. as Subchapter V Trustee.

5.      Other than the appointment of Ms. Sorvino as the Subchapter V Trustee, no request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases and no statutory committees have been appointed or designated.

6.      Additional information about the Debtors' businesses, the events leading up to the Petition Date and the Debtors' Chapter 11 petitions and the status of the Chapter 11 Cases can be found in the *Declaration of Dr. Sarah Ruback Pursuant to Local Bankruptcy Rule 1007-2 and in Support of Chapter 11 Petitions and First Day Motions*, dated April 29, 2024 [Docket No. 6] (the

"Ruback Declaration"), the *Debtors' Pre-Status Conference Report Pursuant to Bankruptcy Code Section 1188(c)*, dated June 17, 2024 [Docket No. 88] (the "Pre-Status Conference Report"), and [Debtors' Joint Chapter 11 (Subchapter V) Plan of Reorganization, dated July 29, 2024 [Docket No. 125] (the "Plan")].  The Debtors rely on the Ruback Declaration, the Pre-Status Conference Report, and the Plan? in making the Motion and incorporate them herein by reference.

7.       Since the filing of the Pre-Status Conference Report and the Plan, certain developments have taken place in these Chapter 11 Cases, including:

a.        The entry of a final order approving debtor-in-possession financing, dated July 31, 2024 [Docket No. 129];

b.        Entry of orders retaining certain estate professionals [Docket Nos. 130-132 and 191];

c.        The entry of the *Order Authorizing (I) the Closure Plan for the Residential Treatment Center Located on St. Christopher's Jennie Clarkson Campus and (II) Related Incentive Payments to Certain Employees*, dated August 16, 2024 [Docket No. 148];

d.        The entry of the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* dated August 26, 2024 [Docket No. 156] (the "Bar Date Order");

e.        The entry of the *Order Authorizing the Sale of the Dobbs Ferry Real Estate, Free and Clear of Liens, Claims, Encumbrances, and Other Interest with the Exception of the Agency Lease and (B) Granting Related Relief*, dated November 7, 2024 [Docket No. 180];

f.        The decision in the fall of 2024 to wind down the Debtors' remaining operations and liquidate their assets to fund distributions to trade creditors holding allowed claims and to a trust formed to resolved child abuse claims under a revised to-be-filed liquidating joint plan of reorganization;

g.        The closure of the remainder of the Debtors' programs, together with the termination of all but one employee, in December, 2024;

h.        The entry of the *Order Authorizing Debtors to Reject Certain Executory Contracts Related to the Health Homes Business, Nunc Pro Tunc to November 25, 2024* dated January 9, 2025 [Docket No. 193];

i.        The entry of the *Order (I) Approving the Private Sale of the New Windsor Real Estate by Debtor The McQuade Foundation to 621 Blooming Grove*

3

*LLC Under the Purchase and Sale Agreement Free and Clear of Liens, Claims, Interests, and Encumbrances Except for Certain Permitted Liens; (II) Authorizing the Potential Assumption and Assignment of the GNC Lease and the Rejection of the Residential Lease in Connection Therewith; and (III) Granting Related Relief* dated May 5, 2025 [Docket No. 218];

j.    The entry of the *Order Clarifying the Dobbs Ferry Sale Order to Facilitate the Closing of the Dobbs Ferry Sale* dated July 10, 2025 [Docket No. 236]

k.    The entry of the *Order (A) Authorizing the Sale of the Jennie Clarkson Real Estate, Free and Clear of Liens, Claims, Encumbrances, and Other Interests, and (B) Granting Related Relief* dated October 24, 2025 [Docket No. 262];

l.    The entry of the *Order Clarifying the New Windsor Sale Order and to Facilitate the Sale of the New Windsor Sale Property* dated November 7, 2025 [Docket No. 274];

m.    The entry of the *Order Authorizing the Debtors' Entry into a Records Custodianship Service Agreement with MRM, (II) Approving the Document Retention and Destruction Plan Set Forth Therein; (III) Directing the Additional Storage Vendors to Cooperate in Transfer of Records; and (IV) Granting Related Relief Pursuant to 11 U.S.C. §§ 363 and 554 and Rule 6007 of the Federal Rules of Bankruptcy Procedure* dated December 9, 2025 [Docket No. 285]; and

n.    The entry of an *Order: 1) Approving the Agreement with PVEDI, Inc. for the Provision of Soil Remediation Services at the Jennie Clarkson Campus, and 2) Approving Escrow Agreement with the Fiduciary Valet Corp. for Escrow and Disbursement Services Related to the Jennie Clarkson Campus Soil Remediation Project* dated December 9, 2025 [Docket No. 286].

8.    The closings of the sales of the Debtors' three properties – Dobbs Ferry, Jennie Clarkson and New Windsor – occurred on July 11, 2025, November 17, 2025 and November 21, 2025.

## **RELIEF REQUESTED**

9.    By this Motion, and pursuant to sections 105(a) and 365(a) of the Bankruptcy Code, Bankruptcy Rule 6006, and Local Rule 6006-1, the Debtors seek entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, authorizing them to reject certain executory

contracts identified in **Exhibit B** hereto (the "Contracts"), effective *nunc pro tunc* to December 13, 2024 or as of the date set forth in **Exhibit B**.

10.     As part of their liquidation, the Debtors identified which of their contractual relationships are no longer necessary or beneficial, including those related to the Debtors' former residential treatment centers and now-closed Health Homes and Welcoming Arms programs and certain related inactive vendor relationships.

11.     As a result of the foregoing and in consultation with their advisors, the Debtors determined that the Contracts are not necessary and have no value to the Debtors' estates, and the Debtors seek to eliminate the costs and obligations associated therewith.  The requested relief will allow for rejection of the Contracts and elimination of unnecessary obligations related thereto as of December 13, 2024 or as of the date set forth in **Exhibit B**, as opposed to waiting until a joint plan of liquidation is confirmed.[3]

## BASIS FOR RELIEF

### A.     Rejection of the Contracts is an Exercise of the Debtors' Sound Business Judgment

12.     Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a); *see also N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *Med. Malpractice Ins. Ass'n v. Hirsch* (*In re Lavigne*), 114 F.3d 379, 386 (2d Cir. 1997).  "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to

---

[3] The Debtors do not anticipate that any Contract counterparty will object to the relief requested herein.  Certain contracts may have been terminated already, but the Debtors seek rejection of all Contracts (except for one) on a *nunc pro tunc* basis to December 13, 2024 to reflect the date when the parties' performance under the Contracts was no longer beneficial to the Debtors and their Estates.

'renounce title to and abandon burdensome property.'"  *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993).

13.     Courts defer to a debtor's business judgment in determining whether to approve rejection of an executory contract or unexpired lease and, upon finding that a debtor has exercised its sound business judgment, regularly approve the rejection under section 365(a) of the Bankruptcy Code.  *See Bildisco* & *Bildisco*, 465 U.S. at 523 (recognizing the use of the "business judgment" standard to approve rejection of executory contracts); *In re Old Carco LLC*, 406 B.R. 180, 188 (Bankr. S.D.N.Y. 2009) (same); *In re Penn Traffic Co.,* 524 F.3d 373, 383 (2d Cir. 2008) (same); *In re Klein Sleep Products, Inc*, 78 F.3d 18, 25 (2d Cir. 1996) (same); *In re Minges*, 602 F.2d 38, 42–43 (2d Cir. 1979) (same); *In re Balco Equities Ltd.*, 323 B.R. 85, 98–99 (Bankr. S.D.N.Y. 2005) (same); *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994) (approving rejection of license by debtor because such rejection satisfied the "business judgment" test); *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992) (stating that a debtor may assume or reject an unexpired lease under § 365(a) in the exercise of its "business judgment").

14.     Courts emphasize that the business judgment rule is not an onerous standard and that it "is flexible and encourages discretion."  *In re ASARCO, L.L.C.*, 650 F.3d 593, 601 (5th Cir. 2011). "Great judicial deference is given to the [debtor's] exercise of business judgment."  *GBL Holding Co., Inc. v. Blackburn/Travis/Cole, Ltd. (In re State Park Bldg. Grp., Ltd.)*, 331 B.R. 251, 254 (N.D. Tex. 2005); *see also In re Penn Traffic Co.*, 524 F.3d at 383; *In re Old Carco LLC*, 406 B.R. at 188.  As long as a transaction "appears to enhance a debtor's estate, court approval of a debtor in possession's decision to [enter into the transaction] should only be withheld if the debtor's judgment is clearly erroneous, too speculative, or contrary to the Bankruptcy Code."

6

*Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) (citation and internal quotation marks omitted).

15.    Courts generally will not second-guess a debtor's business judgment concerning the rejection of an executory contract. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121–22 (Bankr. D. Del. 2001); *see also In re Penn Traffic Co.,* 524 F.3d at 383; and *In re Old Carco LLC*, 406 B.R. at 188.    Satisfying the "business judgment" standard requires only a modest showing, relevantly, that the proposed treatment of the executory contract or unexpired lease will benefit the debtor's estate.  *See id.*; *see also In re Orion Pictures Corp.*, 4 F.3d at 1098-99 (stating that section 365 of the Bankruptcy Code permits a debtor in possession, subject to court approval, to decide which executory contracts would be beneficial to reject).

16.    As part of their liquidation and ongoing efforts to reduce costs and burdensome obligations, the Debtors have determined that the Contracts provide no ongoing benefit to the Debtors' estates given the Debtors' wind down posture and closure of all operations as of December 13, 2024.    Accordingly, rejecting the Contracts would clearly benefit the Debtors' estates and creditors for all the reasons set forth herein.

17.    In light of the foregoing, the Debtors respectfully request that the Court approve rejection of the Contracts pursuant to section 365(a) of the Bankruptcy Code in the manner requested herein as a sound exercise of their business judgment.

**B.    *Nunc Pro Tunc* Relief is Appropriate**

18.    The Debtors submit that it is appropriate for the Court to deem the Debtors' rejection of the Contracts effective *nunc pro tunc* December 13, 2024 or as of the date set forth in **Exhibit B**.  *See, e.g., Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028-29 (1st Cir. 1995) (indicating "rejection under section 365(a) does not

take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively" to the motion filing date); *Pacific Shore Dev., LLC v. At Home Corp (In re At Home Corp.)*, 392 F.3d 1064, 1065 (9th Cir. 2004) (citing *Thinking Machines Corp.* in holding same).

19.    Section 365 of the Bankruptcy Code does not address when the rejection ordered by the Court is deemed effective, nor does the Bankruptcy Code restrict courts from concluding that the effective date of the rejection is the date of the requested relief. *See In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (stating that the best interpretation of section 365 of the Bankruptcy Code requires an order of the court to determine the date of rejection); *see also In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 of the Bankruptcy Code does not include "restrictions as to the manner in which the court can approve rejection"); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (noting that section 365 of the Bankruptcy Code "does not prohibit the bankruptcy court from allowing the rejection of [leases] to apply retroactively"). However, courts, including those in this district, have held that a bankruptcy court may exercise its equitable powers in granting such a retroactive order when doing so promotes the purposes of section 365(a) of the Bankruptcy Code. *See In re Avianca Holdings S.A.,* 618 BR 684, 709 (Bankr. S.D.N.Y. 2020) (approving *nunc pro tunc* rejection), citing *BP Energy Co. v. Bethlehem Steel Corp.*, 2002 U.S. Dist. LEXIS 22052 at *3-4 (S.D.N.Y. Nov. 15, 2002) (same); *In re Jamesway Corp.*, 179 B.R. at 38 (holding that courts may approve retroactive rejection); *see also In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) ("[T]he court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a).").

20.    As an ongoing matter but especially since the decision was made to wind down the

Debtors' remaining operations in late summer, 2024, the Debtors have, in consultation with their

advisors, undertaken an analysis of their contracts.  This analysis has resulted in a determination

that the Contracts should be rejected effective as of December 13, 2024 or as of the respective date

set forth in **Exhibit B**.  Retroactive rejection is warranted here because by the filing of this Motion,

the Debtors no longer have any active business operations.  The Contracts for which the Debtors

seek retroactive rejection provide no value to the Debtors' estates or creditors from and after

December 13, 2024, and instead may unnecessarily tax the Debtors' limited resources until the

rejection effective date is established.  In this case, the balance of equities favors the retroactive

rejection relief requested herein.

21.    Without a retroactive date of rejection, there is a risk that the Debtors could be

forced to incur unnecessary obligations or administrative costs for Contracts that provide no

tangible benefit to the Debtors' estates.  *See, e.g.*, *BP Energy Co. v. Bethlehem Steel Corp.*, 2002

U.S. Dist. LEXIS 22052 at \*3 (S.D.N.Y. Nov. 15, 2002) (finding retroactive rejection valid when

the balance of equities favors such treatment); *In re Jamesway Corp.*, 179 B.R. at 33.

22.    Moreover, this Court has granted *nunc pro tunc* relief, similar to the relief sought

here, in other chapter 11 cases.  *See, e.g.*, *In re GetSwift, Inc.*, Case No. 22-11057 (MEW) [ECF

No. 133] (Bankr. S.D.N.Y. Jan. 25, 2023); *In re Grupo Aeromexico, S.A.B. de C.V.*, Case No. 20-

11563 (JPM) [ECF No. 210] (Bankr. S.D.N.Y. July 29, 2020); *In re LATAM Airlines Group S.A.*,

Case No. 20-11254 (JLG) [ECF No. 391] (Bankr. S.D.N.Y. Jun. 28, 2020); *In re Avianca Holdings

S.A.*, Case No. 20-11133 (MG) [ECF No. 277] (Bankr. S.D.N.Y. Jun. 11, 2020); *In re AMR

Corporation*, Case No. 11-15463 (Bankr. S.D.N.Y. Dec. 23, 2011) (SHL) [ECF No. 454]; *In re

Northwest Airlines Corporation*, Case No. 05-17930 (ALG) [ECF No. 672] (Bankr. S.D.N.Y. Oct.

9

13, 2005); and *In re Delta Air Lines, Inc.*, Case No. 05-17923 (PCB) [ECF No. 164] (Bankr. S.D.N.Y. Sep. 16, 2005).

## NOTICE

23.    Notice of this Motion has been provided to (a) the Office of the United States Trustee for the Southern District of New York, (b) the Subchapter V Trustee, (c) the holders of the 20 largest unsecured claims against each of the Debtors, (d) any party that has requested notice pursuant to Bankruptcy Rule 2002, and (e) the counterparties listed on **Exhibit B** (collectively, the "Notice Parties").  In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

## RESERVATION OF RIGHTS

24.    Nothing contained herein or any action taken pursuant to such relief is intended or shall be construed as:  (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors or any appropriate party in interest's rights to dispute the amount of, basis for or validity of any claim against the Debtors; (c) a waiver of any claims or causes of action which may exist against any creditor or interest holders, or (d) an approval, assumption, adoption or rejection of any agreement, contract, lease, program or policy between the Debtors and any third party under section 365 of the Bankruptcy Code that is not included on **Exhibit B**.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## NO PRIOR REQUEST

25.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **<u>Exhibit A</u>**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated:    December 17, 2025
          New York, New York

                                        **BARCLAY DAMON LLP**

                                        By:    */s/Janice B. Grubin*
                                        Janice B. Grubin
                                        Ilan Markus
                                        1270 Avenue of the Americas, Suite 2310
                                        New York, New York 10020
                                        Telephone:  (212) 784-5800
                                        jgrubin@barclaydamon.com
                                        imarkus@barlcaydamon.com

                                        *Counsel to Debtors and Debtors-in-Possession*

**<u>Exhibit A</u>**
**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| ST. CHRISTOPHERS, INC., *et al.*,[1] | : | Case No. 24-22373 (shl) |
| | : | Main Case |
| Debtors. | : | Jointly Administered |

**ORDER AUTHORIZING DEBTORS TO REJECT CERTAIN**
**EXECUTORY CONTRACTS RELATED TO THE DEBTORS' WIND**
**DOWN, *NUNC PRO TUNC* TO DECEMBER 13, 2024[2]**

Upon the motion dated December 17, 2025 [Doc. No. [___]] (the "Motion")[3] of St.

Christopher's, Inc. and The McQuade Foundation, debtors and debtors in possession (collectively,

the "Debtors") for entry of an order (this "Order"), pursuant to sections 365(a) and 105(a) of the

Bankruptcy Code, Bankruptcy Rule 6006, and Local Rule 6006-1, authorizing rejection *nunc pro*

*tunc* to December 13, 2024[2] of certain executory contracts identified in **Exhibit B** attached to the

Motion, all as set forth more fully in the Motion; and the Court having jurisdiction to consider the

Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended

Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of

the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and

venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper

notice of the Motion having been provided to the Notice Parties set forth in the Motion, and it

appearing that no other or further notice need be provided; and no objections or responses having

been filed; and the Court having reviewed the Motion and considered the relief requested in the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: St. Christopher's, Inc. (0485) and The McQuade Foundation (2652).

[2] In the Motion, the Debtors request that one (1) contract, identified on Exhibit B to the Motion, be rejected effective as of the date of the Motion.

[3] Each capitalized term used herein but not otherwise defined herein shall have the meaning ascribed to it in the Motion.

1

Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and upon all of the proceedings had before the Court and a hearing held on January 7, 2025 and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.    The relief requested in the Motion is hereby granted as set forth herein.

2.    Pursuant to sections 365 and 105 of the Bankruptcy Code, Bankruptcy Rule 6006, and Local Rule 6006-1, and subject to the terms of this Order, each of the executory contracts identified in **Exhibit B** to the Motion is hereby rejected, effective *nunc pro tunc* to December 13, 2024; provided, however, that the Debtors' contract with DXC Technology Services LLC d/b/a Enavate, is hereby rejected, effective as of the December 17, 2025 date of the filing of the Motion.

3.    Claims arising out of any rejection effected pursuant to this Order must be filed by the date that is thirty (30) days after entry of this Order.

4.    Nothing in this Order or the Motion shall be construed as prejudicing the rights of the Debtors to dispute or contest the amount of or basis for any claims against the Debtors in connection with any claims arising out of any rejection effectuated pursuant to this order.

5.    To the extent necessary, the automatic stay provided by section 362 of the Bankruptcy Code is hereby modified as to the Debtors to allow the parties to effectuate the provisions of this Order.

6.    The notice set forth in the Motion is good and sufficient notice and satisfies Bankruptcy Rules 2002(a), 6006, 6007, and 9014 by providing the counterparties with notice and an opportunity to object and be heard at a hearing.

7.      The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

8.      The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2025
        New York, New York

_____
Honorable Sean H. Lane
United States Bankruptcy Judge

**<u>Exhibit B</u>**
**Executory Contracts**

| Debtor Entity | Contract Counterparty | Address | Document Description | Rejection Effective Date |
|---|---|---|---|---|
| St. Christopher's, Inc. | Barrera's Contracting, Inc. | 233 Spring Street<br>Ossining, NY 10562 | Construction services | *Nunc pro tunc* to December 13, 2024 |
| St. Christopher's, Inc. | Cintas Corporation | P.O. Box 630803<br>Cincinnati, OH 45263-0803<br><br>6800 Cintas Boulevard<br>Mason, OH 45040 | Uniform rental and facility services | *Nunc pro tunc* to December 13, 2024 |
| St. Christopher's, Inc. | Enterprise Fleet Management Trust | P.O. Box 800089<br>Kansas City, MO 64180-0089<br><br>600 Corporate Park Drive<br>St. Louis, MO 63105<br><br>8334 23rd Avenue, 2nd Floor<br>East Elmhurst, NY 11370 | Fleet management and leasing solutions services | *Nunc pro tunc* to December 13, 2024 |
| St. Christopher's, Inc. | DXC Technology Services LLC d/b/a Enavate | Attn: General Counsel<br>20408 Bashan Drive, Suite 231<br>Ashburn, VA 20147 | Cloud management services | The date of the Motion |
| St. Christopher's, Inc. | LabCorp | P.O. Box 12140<br>Burlington, NC 27216-2140<br><br>531 South Spring Street<br>Burlington, NC 27215 | Medical testing and blood work services | *Nunc pro tunc* to December 13, 2024 |
| St. Christopher's, Inc. | Maier Markey & Justic LLP | 2 Lyon Place<br>White Plains, NY 10601 | Accounting and bookkeeping services | *Nunc pro tunc* to December 13, 2024 |
| St. Christopher's, Inc. | Pitney Bowes Global Financial Services LLC | 27 Waterview Drive<br>Shelton, CT 06484<br><br>P.O. Box 981022<br>Boston, MA 02298-1022 | Shipping, mailing, e-commerce, and financing services | *Nunc pro tunc* to December 13, 2024 |
| St. Christopher's, Inc. | Stericycle, Inc. | 28883 Network Place<br>Chicago, IL 60673-1288<br><br>2355 Waukegan Road<br>Bannockburn, IL 60015 | Medical waste disposal services | *Nunc pro tunc* to December 13, 2024 |