**BARCLAY DAMON LLP**
Janice B. Grubin
Allen J. Underwood II
1270 Avenue of the Americas, Suite 2310
New York, New York 10020
Telephone: (212) 784-5800
jgrubin@barclaydamon.com
aunderwood@barclaydamon.com

*Counsel to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11, Subchapter V |
| | : | |
| ST CHRISTOPHER'S, INC., *et al.*,[1] | : | Case No 24-22373 (shl) |
| | : | Main Case |
| Debtors. | : | Jointly Administered |

### OMNIBUS ORDER AUTHORIZING THE DEBTORS TO CONDUCT RULE 2004 EXAMINATIONS OF DISCOVERY PARTIES INCLUDING, BUT NOT LIMITED TO, INSURANCE CARRIERS REGARDING COVERAGE AS TO CVA, SURVIVOR, AND TORT CLAIMS, AND GRANTING RELATED RELIEF

Upon the Debtors' Motion for entry of an Omnibus Order Authorizing the Debtors to Conduct Rule 2004 Examinations of Discovery Parties Including, But Not Limited to, Insurance Carriers Regarding Coverage as to CVA, Survivor and Tort Claims, and Granting Related Relief, dated May 8, 2026 [Docket No. 306] (the "Omnibus Rule 2004 Motion" or, alternatively, the "Motion")[2]; the Court finding that the notice of the Motion is good and sufficient under the circumstances; the Court having reviewed the Motion and finding good cause to grant the Motion, it is **ORDERED**:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are:  St Christopher's, Inc (0485) and The McQuade Foundation (2652)

[2] All capitalized terms herein have the definition and meaning ascribed to the in the Debtors' Motion for an Omnibus Order Authorizing the Debtors to Conduct Rule 2004 Examinations of Discovery Parties Including But Not Limed to Insurance Carriers Regarding Coverage as to CVA, Survivor and Tort Claims, and Granting Related Relief.

50646509.1

1.      The Motion is granted to the extent provided herein.

2.      The Debtors are hereby authorized, pursuant to Bankruptcy Rule 2004, to demand and compel by way of subpoena: (i) the oral examination, under oath, of Discovery Parties; and (ii) the production of documents that may be relevant to insurance coverage for CVA, survivor, and tort claims, or lead the Debtors to information that is relevant to insurance coverage for CVA, survivor and tort claims.

3.      The Debtors are hereby authorized to use the following procedures in connection with the Debtors' issuance of any subpoena:

      a.  Except as otherwise agreed by the Debtors, or subsequently ordered by the Court, a Discovery Party to which a subpoena which seeks documents (whether or not it also seeks testimony) is directed shall, within twenty-one (21) days of service of such subpoena produce all non-privileged documents responsive to such subpoena;

      b.  Except as otherwise agreed by the Debtors, or subsequently ordered by the Court, if the subpoena so directs, the Discovery Party may be required to appear for the oral examination within twenty-one (21) days of service of a deposition subpoena on the Discovery Party, which notice is deemed to be reasonable;

      c.  If a Discovery Party objects to producing documents or appearing for examination, the Discovery Party must file and serve within fourteen (14) days of service of a subpoena, a motion seeking a protective order, which the Court shall hear on standard twenty-one (21) day notice;

2

d. The subject subpoena and discovery demands thereunder shall be held in abeyance pending the Court's decision on the Discovery Party's motion seeking a protective order; and

e. Nothing herein limits the substantive rights of any Discovery Party or other party under applicable law to object to any subpoena the Debtors may serve.

4. The fact that the Debtors have issued a Rule 2004 subpoena or otherwise sought discovery from any person or entity shall be without prejudice to the rights of the Debtors or any creditor to seek or receive any discovery from any person or entity, as to the same or similar subject matter.

5. All Discovery Parties shall employ reasonable and good faith efforts to locate any and all documents or information directly referring to, reasonably related to, or reasonably leading to information about, the documents and information sought by the Debtors under subpoena, in advance of any written response to the Debtors, and in advance of any Discovery Party motion for protective order.

6. The rights of all parties in interest to seek to issue their own discovery are preserved.

7. This Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement, and enforce the provisions of this Order.

Dated: June 24, 2026
       White Plains, New York

                                    */s/ Sean H. Lane*
                                    The Hon. Sean H. Lane
                                    United States Bankruptcy Judge

3

50646509.1